In re FERRIS.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

INSANE PERSONS—INQUISITION—VACATION OF ORDER—APPEAL.

On appeal from an order vacating and setting aside an order confirming an inquisition, and from an order declaring void a prior order granted therein, where there was no claim that the alleged incompetent was capable of managing her estate, and it was apparent that the only real contention among the parties related to a choice between two trust companies as committee, the orders appealed from will be reversed.

Appeal from special term, Kings county.

In the matter of the estate of Anna W. Ferris, an alleged incompetent person. Appeal from an order vacating and setting aside a final order confirming inquisition, and from an order declaring void a prior order granted therein. Reversed.

See 76 N. Y. Supp. 159.

Argued before BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Milton A. Fowler, for appellant.

Paul Fuller (John P. Murray, on the brief), for Anna W. Ferris.

George H. Fletcher, for heirs at law.

George S. Ingraham, for the Long Island Loan & Trust Company.

PER CURIAM. The voluminous record presented on this appeal discloses the existence of irregularities in the proceedings which might under ordinary circumstances justify the orders appealed from, and which would probably require an affirmance by this court, were any question involved affecting the merits of the controversy. But it seems clear that the only real contention among the parties relates to a choice between two trust companies as committee. The respondents made no claim at any stage of the proceedings that the alleged incompetent was capable of managing herself or her affairs, and on the oral argument of the appeal the counsel conceded that no such claim appeared in the record or existed in fact. The practice of conducting a proceeding before one special term which is, in effect, a review of the conclusions reached by another special term, is not to be commended. Under the circumstances, we do not think a case was presented for interference with the inquisition of the jury, and, after a careful examination of the record and the briefs, have reached the conclusion that the orders appealed from should be reversed, without costs.